## In re THOMPSON.[*]
### Patent Appeal Nos. 3003, 3004.

Court of Customs and Patent Appeals.
Dec. 19, 1932.

Alexander & Dowell, of Washington, D. C. (Arthur E. Dowell, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

On March 21, 1927, appellant filed in the United States Patent Office an application which, on July 23, 1929, matured into patent No. 1,721,751, bearing the general title, "Process of Treating Milk." In said application there were disclosed, but not claimed, two forms of apparatus for use in performing the method for which the patent was granted.

On April 6, 1927, appellant filed two applications on the respective forms of appa-

[*]Rehearing denied February 6, 1933.

ratus, plus some other features. A division was required in each application, and this resulted in the filing, on September 27, 1927, of the two applications which are at issue in cases Nos. 3003 and 3004, respectively, being serial No. 222,374 and serial No. 222,375, respectively.

Case No. 3003; Serial No. 222,374.

As first finally acted upon by the Examiner, the application in case No. 3003 presented four claims which were by him rejected "as vague and indefinite, and as not patentable over the prior art." Upon appeal, the Board of Appeals, on November 30, 1930, affirmed the rejection upon the "vague and indefinite" ground, but recommended that they might be amended, and, if so amended, in a manner "deemed satisfactory to the Examiner," the rejection on said ground might be withdrawn, and also added a second ground of rejection, saying: "All of the claims are rejected as not covering subject-matter patentable over appellant's patent No. 1,721,751, particularly in view of the patent to Fooks. Since the last ground of rejection is a new one, appellant may elect as to procedure under the provisions of Rule 139."

Appellant thereupon canceled the claims which had been disallowed, and substituted four others, numbered, respectively, 5, 6, 7, and 8. The Examiner rejected these, not for vagueness and indefiniteness, but as presenting the same subject-matter as certain of the former claims rejected by the Board, reciting the last ground of the Board's rejection as quoted by us, supra. The Examiner's decision being affirmed by the Board in an opinion rendered January 30, 1931, the instant appeal to this court was taken.

Claims 5 and 6 are quoted as representative:

"5. The herein described apparatus for processing milk in cans; comprising means for preheating the milk filled cans gradually to a point below that required for sterilization; means for holding the milk filled cans at a temperature below that required for sterilization but sufficient to increase the viscosity of the milk; means for subjecting the so treated milk filled cans to a temperature sufficient to sterilize their contents and to an exterior pressure above atmospheric; means for cooling the sterilized milk filled cans under an external pressure sufficient to prevent internal pressure injuring the cans; and means for passing such sterilized milk filled cans successively through the said preheating, holding, sterilizing and cooling means.

"6. In an apparatus as set forth in claim 5, the holding means having a plurality of inlets and a single discharge whereby the time of holding the cans may be varied; and means whereby the cans may be fed from the preheating means into the holding means at any one of the openings therein."

The references are appellant's process patent, already alluded to, and a patent No. 1,575,199 of March 2, 1926, to Nelson H. Fooks, for a "combined cooker and cooler."

In its second decision, the Board of Appeals said: " * * * In our opinion there is only one question before us for consideration, that is, whether the appealed claims are of substantially the same scope as corresponding claims of appellant's patent."

In this decision no specific reference to the Fooks' patent was made, but the Examiner had referred to it by quoting from the Board's prior opinion, and the concluding paragraph of the Board's second opinion reads: "We are of the opinion, therefore, that our holding in the prior decision was proper and the decision of the examiner is affirmed."

These recitals, we think, establish the Fooks patent as a part of the record, and as a reference considered by the tribunals of the Patent Office, and therefore as one to be considered by us.

As we understand the decisions of the Board of Appeals, the Fooks patent is cited with particular reference to the subject-matter expressed in claims 6 and 8 relating to the feature of a "plurality of inlets and a single discharge," while the Thompson process patent is held to cover whatever of subject-matter there is involved in claims 5 and 7 that might, if not so covered, have been patentable.

Much of appellant's argument is devoted to the contention that, since his applications were copending, applicant's prior process patent is "not a legal reference" against his apparatus application, and numerous authorities are cited which are claimed to support the argument, such as In re Lawrence Byck, 48 F.(2d) 665, 18 C. C. P. A. 1208; Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 S. Ct. 310, 315, 38 L. Ed. 121; Kaplan v. Robertson (D. C.) 50 F.(2d) 617; and others.

The purport of the holdings in all those cases, sought to be made here applicable, is expressed, according to appellant's brief, in the Miller Case, supra, in the following language: " * * * where the second patent covers matter described in the prior patent,

essentially distinct and separable from the invention covered thereby, and claims made thereunder, its validity may be sustained."

That this principle of law is sound and that it is generally followed by the courts is, we think, beyond dispute, provided always that the claims of the second patent or application show an inventive advance over the claims already granted in the first patent. The rule announced by the Court of Appeals of the District of Columbia in the case of In re Isherwood, 46 App. D. C. 507, has been referred to and applied by this court in many cases. In re Fischer, 57 F. (2d) 369, 19 C. C. P. A. 1077, and cases cited therein. A declaration of the court in the Isherwood Case, supra, reads: "The patentability of the present claims may be decided on appellant's patent by the same rules which would be applied to test their anticipation by a patent to another."

While, therefore, appellant's process patent may not be a "legal reference" in the technical sense that a patent timely granted to another would be, the same rule is to be followed, and, if appellant has been already granted a process patent which legitimately covers the subject-matter of the claims at issue, he is not, under the authorities, entitled to a second patent thereon, even though it be expressed in terms of apparatus claims.

There are many cases in which patents issue upon separate applications for both a process and an apparatus for carrying out the process, but in all such cases the claims must be for separate and distinct inventions. If all that is inventive be expressed in either the process application or the apparatus application, then a grant of two patents is not proper, since the result would be double patenting. In re Fischer, supra.

The sole question, therefore, as to appellant's claims 5 and 7, is whether they present anything inventive over his patent claims. The tribunals of the Patent Office hold that they do not, and the Board of Appeals specifically compares them with claim 3 of the patent, which reads as follows:

"3. The herein described method of processing milk in cans; consisting in passing the cans successively through a preheating chamber in which the temperature of their contents is raised to a point below that required for sterilization; then passing said cans through a preheat-holding chamber in which the cans are held at a temperature below that required for sterilization; then passing said cans into and through a sterilizing chamber in which the cans are subjected to a tempera-

ture sufficient to sterilize their contents and to an exterior pressure above atmospheric; then passing said cans from said sterilizing chamber into and through a cooling chamber wherein the cans are cooled under an external pressure sufficient to prevent the internal pressure injuring the cans; and finally discharging the cans from the cooling chamber."

Commenting, the Board says: "It is evident that the only difference is that in claim 3 of the patent appellant has set forth a series of steps for doing certain things in succession while in this application the claim merely calls for a series of means for doing the same things in the same successive order. In our opinion there is no substantial difference in the scope of subject-matter covered by the two claims."

We agree with the Board that, while there is a difference, there is not a patentable distinction.

An examination of claims 5 and 7 discloses that they are quite broad. They contain repeatedly the words "means for" applied in carrying out the steps of the patent, but do not claim any specific means.

As to the "plurality of inlets and a single discharge" feature of claims 6 and 8, this seems to us to be clearly shown by the Fooks patent in the following recital of its specifications: "It is also an object of the invention to provide an apparatus which will permit the cans to be transferred from the path in the cooking zone to the path in the cooling zone at different points along the first named path to the end that the length of time the cans are in the cooking zone may be varied to suit the substances being processed. In carrying out this feature of the invention a plurality of passages are provided in adjacent sections of the paths, the passages being opened or closed by suitable gates or slides as will more fully appear by reference to the drawings and detailed description thereof."

We find no error in the decision of the Board of Appeals in case No. 3003.

Case No. 3004; Serial No. 222,375.

As recited at the outset of this opinion, two applications for apparatus patents were filed by appellant on September 27, 1927. That involved in serial No. 222,374 has been disposed of in case No. 3003, supra. The other, serial No. 222,375, is involved in case No. 3004, and relates to the particular form of apparatus shown in figure 2, disclosed but not claimed in appellant's original application of March 21, 1927, which eventuated in the process patent No. 1,721,751, of July 23, 1929.

Serial No. 222,375 embraces four claims, all of which were rejected by the Examiner and the Board of Appeals. Claims 10 and 11 are quoted as typical:

"10. The herein described apparatus for processing milk in cans; comprising means including a plurality of successive compartments for preheating the milk filled cans gradually to a point below that required for sterilization; means for holding the milk filled cans at a substantially uniform temperature below that required for sterilization but sufficient to increase the viscosity of the milk; means for subjecting the so treated milk filled cans to a temperature sufficient to sterilize their contents and to an exterior pressure above atmospheric; means for cooling the sterilized milk filled cans under an external pressure sufficient to prevent the internal pressure injuring the cans; and means for passing such sterilized milk filled cans successively through the said preheating compartments and the holding, sterilizing, and cooling means.

"11. In an apparatus as set forth in claim 10, the holding means having a single inlet and a plurality of outlets at any one of which outlets the cans may be discharged."

The references cited are the same as those cited in case No. 3003, supra; the case followed much the same course in the Patent Office as did that case, and the rejections were based upon the same grounds in both cases.

We agree with the conclusions in the latter, as well as in the former case, and there appears to be no necessity for repeating the reasons already given.

The decisions of the Board of Appeals in both cases No. 3003 and No. 3004 are affirmed.

Affirmed.